**R.L. SCHAFER & ASSOCIATES, United States of America, for the use and benefit of R.L. Schafer & Associates, Plaintiff—Appellant,**

v.

**AGEE CONSTRUCTION CORPORATION; Safeco Insurance Company, Defendants—Appellees.**

No. 01–17398.

D.C. No. CV–99–05984–MDC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2003.

Decided Feb. 25, 2003.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before TROTT, RYMER and TALLMAN, Circuit Judges.

MEMORANDUM *

R.L. Schafer & Associates ("Schafer") appeals from the judgment of the district court denying its claim against Agee Construction Corporation ("Agee") and Safeco Insurance Company under the Miller Act, 40 U.S.C. § 270b, now 40 U.S.C. § 3133. Schafer argues that the district court erred (1) in not finding its subcontract with Agee to be ambiguous, and (2) by not applying the protections of the Miller Act. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

Agee claims that Schafer did not raise the issue of contract ambiguity in district court. We disagree. State substantive law applies in Miller Act cases when, as here, the United States is not a party. *See, e.g., United States ex rel. Bldg. Rentals Corp. v. Western Cas. and Sur. Co.,* 498 F.2d 335, 338 n. 4 (9th Cir.1974). Schafer and Agee presented the district

1. We will not recite the background and procedural facts because the parties are familiar with them.

court with opposing interpretations of the subcontract. Under California law, "[w]hen the parties dispute the meaning of a contract term, the trial court's first step is to determine whether the term is ambiguous." *Curry v. Moody*, 40 Cal.App.4th 1547, 1552, 48 Cal.Rptr.2d 627 (1995).

Schafer argues that the district court failed to determine whether the subcontract's terms were ambiguous and erred in interpreting the ambiguities in Agee's favor. Whether a contract's language is ambiguous is a question of law reviewed de novo. *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir.1999). A contract's term is ambiguous if "it is 'reasonably susceptible' to either of the meanings urged by the parties." *Curry*, 40 Cal.App.4th at 1552, 48 Cal.Rptr.2d 627 (quoting *Winet v. Price*, 4 Cal.App.4th 1159, 1165, 6 Cal.Rptr.2d 554 (1992)).

We hold that the district court addressed the alleged ambiguity and correctly concluded that the subcontract was not ambiguous. The totals in Schafer's bid and the final subcontract are inconsistent with Schafer's claim that it expected to be paid $12,460 each for slope staking, reference staking, and clearing and grubbing staking. As for the staking intervals, the provision in the subcontract Schafer points to as ambiguous, Special Contract Requirements section 152.02, establishes only the initial information that the government would provide to assist the contractor, and clearly does not speak to the extent of survey and staking required of the contractor. The subcontract is also unambiguous as to whether cross-sections were to be billed separately because section 152.02 of the Standard Specifications clearly established that Schafer could "not measure time spent in ... plotting cross-sections." Schafer should have considered time spent on cross-sections as part of its bid on the different types of staking.

As for rock cuts, the subcontract is not ambiguous because it is silent, but Agee does not dispute that it agreed to pay for the rock cuts as extra work. The evidence supports the district court's finding that all extra work had been paid, including rock cuts. The final bill submitted by Schafer sought $3,000 for technical services and $2,704 for rock cuts, and the final accounting Agee submitted to the district court indicates payment of $5,985 for technical services. A comparison of the final billing and final accounting supports the testimony that the rock cuts were paid as technical services. Thus, the district court's conclusion that Schafer was paid for all extra work, including rock cuts, and was entitled only to $60,197.88, was not clearly erroneous.

Schafer invokes the protections of the Miller Act. All of Schafer's work, however, either was paid for as extra work or was expressly included in the subcontract. The Miller Act does not apply in contravention of an express contract. *United States ex rel. Westinghouse Elec. Supply Co. v. Ahearn*, 231 F.2d 353, 354 n. 1, 355–56 (9th Cir.1955).

The district court also correctly concluded that Agee was the prevailing party entitled to attorney's fees because Schafer was awarded only what Agee had agreed to pay. Schafer is also ordered to pay Agee's costs and attorney's fees on appeal, pursuant to the subcontract. We commit determination of those fees to the Appellate Commissioner.

AFFIRMED.